**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**OCALA DIVISION**

GEORGE H. DECKER,

       Plaintiff/Petitioner,

v.                                      Case No:  5:15-cv-24-Oc-30PRL

CITRUS COUNTY, a political
Subdivision of the State of Florida,

       Defendant/Respondent.

_____/

## ORDER

THIS CAUSE comes before the Court upon Petitioner George H. Decker's Motion for the Entry of an Order to Show Cause as to Count VIII Petition for the on the Record Review (Doc. 25) and Respondent Citrus County's response[1] (Doc. 26).  The Court, having reviewed the motion and response, and being otherwise fully advised in the premises, concludes that the motion should be granted.

## BACKGROUND[2]

Petitioner George H. Decker seeks a writ of certiorari reviewing Respondent Citrus County's decision denying his request for amendments to the Citrus County Generalized Future Land Use Map ("GFLUM") and the Citrus County Land Development Code Atlas

---

[1]Although the response indicates that Respondent believes that no preliminary basis for relief exists such that the Court should issue an order to show cause directing a response to the petition, the response is not directly in opposition to Petitioner's motion.

[2]The following facts are derived from the petition (Count VIII of Petitioner's Second Amended Complaint) and attached appendix (Doc. 1, Exs. U, V) and do not constitute findings of fact.

(the "Atlas") and his application for approval of a planned unit development ("PUD"). (Doc. 39).  In December 2012, Petitioner submitted an application for amendments to the GFLUM and the Atlas.  Subsequently, Petitioner amended his application seeking approval of a PUD.

Petitioner's application was heard before the Planning and Development Commission ("PDC") on October 2, 2014.  After hearing evidence from Respondent and from Petitioner's representatives, the PDC voted to deny Petitioner's application.  (Doc. 1, Ex. U).  On December 16, 2014, Plaintiff's application went before the Citrus County Board of County Commissioners (the "Board").[3]  (Doc. 1, Ex. V).  After hearing the evidence presented from both Petitioner and Respondent, the Board voted unanimously to deny Petitioner's application.  Petitioner now seeks review of the Board's decision.  (Doc. 39, Count VIII).

## DISCUSSION

After a local governmental body renders a final decision on a developmental application, the applicant may seek certiorari review as a matter of right.  *Miami-Dade Cnty. v. Omnipoint Holdings, Inc.*, 863 So. 2d 195, 198-99 (Fla. 2003).  In reviewing a quasi-judicial decision of a local governmental body, a court should apply "first-tier" certiorari review under Florida law.  *See Broward Cnty. v. G.B.V. Int'l, Ltd.*, 787 So. 2d 838, 844 (Fla. 2001); *City of Deerfield Beach v. Vaillant*, 419 So. 2d 624 (Fla. 1982). First-tier review requires a three-prong inquiry: (1) whether procedural due process was

---

[3]At the same hearing, the Board also considered Plaintiff's appeal from a staff determination regarding the definition of transient.  The Board ruled in Plaintiff's favor.

accorded, (2) whether the essential requirements of the law were observed, and (3) whether the denial was supported by competent substantial evidence.  *G.B.V. Int'l, Ltd.*, 787 So. 2d at 843.

Under Florida law, before a court can address the merits of a petition for certiorari review, it must first determine whether the petitioner has stated a preliminary basis for relief.  Florida Rule of Appellate Procedure 9.100, which governs petitions for writs of certiorari, provides:

> If the petition demonstrates a preliminary basis for relief, a departure from the essential requirements of law that will cause material injury for which there is no adequate remedy by appeal, or that review of final administrative action would not provide an adequate remedy, the court may issue an order either directing the respondent to show cause, within the time set by the court, why relief should not be granted or directing the respondent to otherwise file, within the time set by the court, a response to the petition. In prohibition proceedings, the issuance of an order directing the respondent to show cause shall stay further proceedings in the lower tribunal.

Fla. R. App. P. 9.100(h).  If the petition does not demonstrate a preliminary basis for relief, a departure from the essential requirements of law that will cause material injury for which there is no adequate remedy by appeal, or that review of final administrative action would not provide an adequate remedy, the reviewing court is not required to issue an order to show cause directing a response.  *See Fine v. City of Coral* Gables, 958 So. 2d 433, (Fla. 3d DCA 2007).

As a preliminary matter, the Court directed the parties to submit supplemental briefing regarding whether Florida Rule of Appellate Procedure 9.100, either in whole or in part, governs a petition for writ of certiorari being litigated in federal court.  (Doc. 45). The parties filed a joint response asserting that Florida Rule of Appellate Procedure

9.100(h) applies to petitions for writ of certiorari litigated in federal court because this subsection of the rule is outcome determinative. (Doc. 47). Generally, "federal courts are to apply state substantive law and federal procedural law." *Hanna v. Plumer*, 380 U.S. 460, 465 (1965). When no comparable procedural provision exists in the federal rules, a federal district court "should apply the state's rule if it is *outcome determinative*." *Tiara Condo Ass'n v. Marsh USA, Inc.*, 697 F. Supp. 2d 1349, 1358 (S.D. Fla. 2010) (emphasis added). As noted by the parties, if a petitioner does not satisfy the requirements of Florida Rule of Appellate Procedure 9.100(h), the petition should be denied. Accordingly, the Court agrees with the parties' assertion that Florida Rule of Appellate Procedure 9.100(h) should apply to the present proceedings.

Having determined that Florida Rule of Appellate Procedure 9.100(h) applies, the Court next considers whether Petitioner has demonstrated a preliminary basis for relief as required under Florida Rule of Appellate Procedure 9.100(h) such that Respondent should be directed to respond to the petition. By the petition, Petitioner alleges that Respondent's decision should be overturned because Petitioner was deprived of procedural due process, Respondent's decision was not based on competent substantial evidence, and Respondent departed from the essential requirements of the law in rendering its decision. (Doc. 39 at 24-42). Petitioner asserts that he was deprived of due process because the staff recommendation of denial provided to the PDC and to the Board was based, partially, on the transient issue which was ultimately resolved in Plaintiff's favor by the Board. Petitioner asserts that Respondent's decision was not based on competent substantial evidence because Respondent relied upon evidence of lay persons in determining whether

the project was compatible as defined in Florida Statute § 163.3164(9).  Last, Petitioner

asserts that Respondent's decision departed from the essential requirements of the law

because Respondent did not adhere to the statutory definition of compatibility.

Without reaching the merits of the petition, Petitioner has demonstrated a

preliminary basis for relief and is therefore entitled to an order to show cause directing a

response to the petition from Respondent.

### CONCLUSION

Accordingly, it is therefore **ORDERED AND ADJUDGED** that:

1.  Plaintiff's Motion for the Entry of an Order to Show Cause as to Count VIII

Petition for the on the Record Review (Doc. 25) is GRANTED.

2.  Within thirty (30) days of the date of this Order, Respondent shall file a response

to Count VIII Petition for on the Record Review.

3.  Within fourteen (14) days after Respondent's response is filed, Petitioner may

file a reply not to exceed fifteen (15) pages and a supplemental appendix.

**DONE** and **ORDERED** in Tampa, Florida, this 29th day of February, 2016.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record

5